Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. SCOTT SALINAS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio Corporation; WIEDEN + KENNEDY, INC., an Oregon Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>3. VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a); and<br><br>4. VIOLATION OF CALIFORNIA CIVIL CODE § 3344 AND/OR CALIFORNIA COMMON LAW RIGHT OF PUBLICITY<br><br>5. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200.<br><br>6. CANCELLATION OF TRADEMARK REGISTRATION<br><br>JURY TRIAL DEMANDED |

1
COMPLAINT

H. Scott Salinas ("Salinas"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **INTRODUCTION**

Salinas is an award-winning composer and performer. Throughout his career, he has worked on a variety of notable projects in film, television, and advertising. He performed and recorded an original audio work, and this work been misappropriated and used without permission by the Defendants, and each of them. These Defendants unlawfully distributed and broadcast unlawful copies of Salinas' work. To make matters worse, Defendants concealed this exploitation from Salinas and defrauded him as to the work's exploitation. This action follows to address the infringement.

## **JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* and the Trademark Laws of the United States, under 15 U.S.C. §§ 1125, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. This Court also has supplemental jurisdiction over the state law claims. This Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially related to the claims arising under the Trademark Laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Salinas is an individual residing in the state of California.

6. Plaintiff is informed and believes and thereon alleges that The Procter & Gamble Company ("P&G") is an Ohio Corporation, with its principal place of business located at One Procter & Gamble Plaza, Cincinnati, Ohio 45202, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Wieden + Kennedy, Inc. ("W+K") is an Oregon Corporation, with its principal place of business located at 224 NW 13th Avenue, Portland, Oregon 97209 and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# CLAIMS RELATED TO PLAINTIFF'S WORK

10. Plaintiff performed and recorded and exclusively owns an original audio work entitled Salinas Whistle, which has been registered with the United States Copyright Office.

11. Prior to the acts complained of herein, Plaintiff entered into a license that allowed P&G to exploit the Salinas Whistle in their Old Spice marketing and advertising campaign for a limited period of time.

12. Plaintiff is informed and believes and thereon alleges that after the licensing period ended, Defendants, and each of them, without notice to Plaintiff, continued to exploit, broadcast, publish, and monetize the Salinas Whistle, though audio, video, and other content that incorporated an audio work that is strikingly similar or identical to the Salinas Whistle (hereinafter "Infringing Uses"). The Infringing Uses were outside of the scope of the license and occurred without Plaintiff's consent.

13. On information and belief, Plaintiff alleges that W+K, following the term of the license, represented to Salinas that W+K engaged or authorized the engagement of another performer to create a whistle recording to be used in the Old Spice marketing and advertising campaign.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, licensed, broadcast, and otherwise exploited the Salinas Whistle without Salinas' consent and in violation of his rights.

15. Plaintiff is informed and believes that Defendants, and each of them, copied the Salinas Whistle from a source to which they had access and broadcast and distributed without Salinas' consent the Salinas Whistle through online, broadcast, radio, cable, and other means of transmission.

16. Waveform images reflecting the Salinas Whistle and one non-inclusive exemplar of the Infringing Uses[1] are set forth hereinbelow and reflect that the Salinas Whistle and the whistle comprising the Infringing Uses are strikingly similar:

**Salinas Whistle**



**Infringing Uses Exemplar**



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Salinas Whistle, including, without limitation, directly through Plaintiff, W+K, and through records related to the campaigns that incorporated the Salinas Whistle.

---

[1] The allegations in this complaint are made as to all exploitations that Defendants, or any of them, created, obtained, marketed, distributed, displayed, broadcast, licensed, or transmitted that incorporate the Salinas Whistle or material portions thereof.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by exploiting the Salinas Whistle outside of the scope of any license and in Defendant's advertising and marketing campaigns, including without limitation the campaigns for "Old Spice" products without the authorization of Plaintiff. This exploitation included, without limitation, the publishing, broadcast, and distribution of the Salinas Whistle on television, radio, online, and in other media.

20. Defendants', and each of their use and exploitation of the Salinas Whistle beyond the scope of the applicable license violated Plaintiff's exclusive rights in the Salinas Whistle.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated works.

22. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrights in the Salinas Whistle. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits, both direct and indirect, that are attributable to the Infringing Uses, and/or the conduct described herein, in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious. Such misconduct provides the basis on which Plaintiff seeks an order precluding Defendants, and each of them, from offering certain legal defenses and positions.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal distribution of the Salinas Whistle as alleged hereinabove.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the Infringing Uses and conduct related thereto.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrights in the Salinas Whistle. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits, both direct and indirect, that are attributable to the Infringing Uses and/or the conduct described herein, in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were,

and continue to be, willful, intentional and malicious. Such misconduct provides the basis on which Plaintiff seeks an order precluding Defendants, and each of them, from offering certain legal defenses and positions.

### THIRD CLAIM FOR RELIEF

(For Violation of the Lanham Act – Against all Defendants, and Each)

30. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

31. This is a claim for trademark infringement, false advertising, and false designation of origin arising under 15 U.S.C. § 1125(a).

32. Defendants have promoted and used in commerce strikingly or confusingly similar versions of Plaintiff's voice and performance, i.e., the Salinas Whistle, and used that material in connection with Defendants' goods and products and without Plaintiff's consent in a manner that infringes Plaintiff's rights in violation of 15 U.S.C. § 1125(a).

33. Plaintiff is informed and believes and thereon alleges that Defendants used the Salinas Whistle in connection with the promotion, marketing, and advertising of Defendants' businesses, goods, or services in a manner which is likely to cause confusion, or to cause mistake, or to deceive the public that Defendants' goods or services are authorized, sponsored, or approved by or are affiliated with Plaintiff.

34. Per Section 43(a) of the Lanham Act, Defendants have engaged in unfair competition by using Salinas' performance and the Salinas Whistle without Salinas' consent; and, in doing so, Defendants, and each of them, have engaged in false advertising and created a false association and/or false endorsement between Salinas and Defendants, and each of them, and their respective products and services.

35. Plaintiff at no time authorized or approved of Defendants' use of his voice and performance beyond the scope of the original licensing agreement.

36. Plaintiff is informed and believes and thereon alleges that Defendants' acts as alleged herein were done with actual knowledge of Plaintiff's ownership and prior use of his voice and performance in commerce and to the general public, and with the intent to unfairly compete, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that Defendants' businesses, goods, or services are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

37. Defendants' activities constitute willful and intentional infringement of Plaintiff's name, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of Plaintiff's name was and is in direct contravention of Plaintiff's rights. At a minimum, Defendants acted with willful blindness or reckless disregard of Plaintiff's rights or the rights of the consuming public.

38. Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of Plaintiff's name in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting unauthorized use of Plaintiff's voice and performance, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

39. Due to Defendants' actions, constituting unauthorized use of Plaintiff's voice and performance, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(For Violations of California Civil Code § 3344 and California Common Law Right of Publicity – Against all Defendants, and Each)

40. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated California Civil Code § 3344, *et seq.*, and California common law by, *inter alia*, publishing and using Plaintiff's voice as part of the Salinas Whistle within the state of California for purposes of advertising and promoting Defendants' products, without first acquiring Plaintiff's written consent to do so.

42. Defendants, and each of them, knowingly used Plaintiff's voice, performance, and likeness for purposes of advertising, selling, and soliciting purchases of products, merchandise, or goods, without Plaintiff's prior consent.

43. Due to Defendants' actions, constituting unauthorized use of Plaintiff's voice, performance, and likeness, Plaintiff has suffered and continues to suffer substantial and irreparable injury, for which Plaintiff has no adequate remedy at law.

44. Due to Defendants', and each of their, unlawful acts, Plaintiff is entitled to injunctive relief barring Defendants from further violating Plaintiff's rights as alleged herein.

45. Due to Defendants', and each of their, unlawful acts, Plaintiff has suffered general and special damages in an amount to be established at trial.

46. Per statute, Defendants, and each of them, are liable for statutory damages, costs, and attorneys' fees.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed their unlawful acts, as alleged above, which were willful, wanton, intentional, and malicious, which further subjects Defendants, and each of them, to liability for enhanced or punitive damages.

# FIFTH CLAIM FOR RELIEF

(For Violations of California Business & Professions Code § 17200 – Against all Defendants, and Each)

48. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

49. Defendants' conduct as alleged herein, including without limitation their engagement in the Infringing Uses constitutes unlawful, unfair and fraudulent business practices, as well as acts as well and unfair, deceptive, untrue or misleading advertising as prohibited by California Business and Professions Code § 17200.

50. The aforementioned conduct has damaged Plaintiff in an amount to be established at trial

# SIXTH CLAIM FOR RELIEF

(For Cancellation of Trademark Registration)

51. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

52. P&G registered, or caused to be registered with the U.S. Patent and Trademark Office ("USPTO") a trademark in the form of an audio recording, or "sensory mark," that incorporated Plaintiff's voice and performance without Plaintiff's consent and without authority.

53. In doing so, P&G failed to advise the USPTO that its "sound mark" consisted of Plaintiff's voice and performance and failed to advise Plaintiff that it was submitting the aforementioned application.

54. P&G falsely advised the USPTO that it had all rights and consent to register the aforementioned "sensory mark."

55. The USPTO, relying on Defendant's material misrepresentations and omissions, granted to P&G a trademark registration for the aforementioned "sensory mark."

56. P&G obtained a trademark registration under USPTO Serial Number 86168455 for the Salinas Whistle.

57. This trademark registration was improperly issued and must be cancelled due to the aforementioned fraud and misconduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's rights in and to the Salinas Whistle and Plaintiff's voice, performance, and likeness and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, publishing, or otherwise using Plaintiff's voice and performance;

b. That Plaintiff be awarded all profits of Defendants, and each of them, and actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

c. That Plaintiff be awarded general and statutory damages as well as costs and attorneys' fees under Cal. Civ. Code § 3344 and California common law;

d. That Plaintiff be awarded damages and injunctive relief under Cal. Bus. & Profs. Code § 17200;

e. That Plaintiff be awarded on his copyright claims all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other

monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

f. That Plaintiff be awarded its costs and attorneys' fees to the extent that they are available under the above statutes;

g. That a trust be entered over the Infringing Uses, and all profits realized through the infringement;

h. That an order, judgement, or decree issue cancelling P&G's trademark registration for the Salinas Whistle, specifically that registration issued under USPTO Serial Number 86168455;

i. That Plaintiff be awarded pre-judgment interest as allowed by law;

j. That Plaintiff be awarded the costs of this action; and

k. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 5, 2019					Respectfully submitted,

							By:	*/s/ Scott Alan Burroughs*
								Scott Alan Burroughs, Esq.
								Trevor W. Barrett, Esq.
								DONIGER / BURROUGHS
								Attorneys for Plaintiff

13
COMPLAINT